IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60262
Summary Calendar
_____

NOORUDDINS S. SOHMANI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 924 100
--------------------
January 29, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Nooruddins S. Sohmani petitions this court for review of the
Board of Immigration Appeals' ("BIA") order dismissing his appeal
from the denial of his application for asylum and ordering him to
voluntarily depart the United States. Sohmani argues that he is
entitled to asylum based on past persecution and his fear of future
persecution.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court will uphold the BIA's factual finding that an alien is not eligible for asylum if it is supported by substantial evidence. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). The substantial-evidence standard requires only that the BIA's decision be based on the evidence presented and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

The BIA's finding that Sohmani failed to show that he suffered from past persecution or that he had a well-founded fear of future persecution was based on the evidence before it and was substantially reasonable. The beating which Sohmani sustained allegedly as a result of his political beliefs was isolated. Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996). Moreover, following the attack, Sohmani remained in Pakistan for six to seven months without incident. The fact that following the beating, Sohmani's family relocated to another part of Pakistan without incident and have remained in Pakistan without incident supports the BIA's finding that Sohmani failed to show a well-founded fear of future persecution. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 445-46 (5th Cir. 2001); Matter of A-E-M, 21 I&N Dec. 1157, 1160 (BIA 1998).

We consider Sohmani's asylum claim also as a request for withholding of deportation. Because Sohmani does not meet the standard for asylum, he also does not meet the standard for

withholding of deportation. <u>Efe</u>, 293 F.3d at 906. Accordingly,

Sohmani's petition for review is DENIED.